DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Mark Metz, appeals the decision of the Summit County Court of Common Pleas sentencing him to a prison term of one year. We affirm.
 {¶ 2} On August 4, 2004, Defendant was indicted on a multiple count indictment. Defendant pled "not guilty" to all charges. A few of the counts were ultimately dismissed and on April 25, 2005, a jury trial commenced on three counts of extortion, in violation of R.C. 2905.11(A)(5); one count of bribery, in violation of R.C. 2921.02; three counts of forgery, in violation of R.C. 2913.31(A)(2); and one count of passing bad checks, in violation of R.C. 2913.11. After the State rested, the trial court granted Defendant's Crim.R. 29 motion on the bribery charge but denied the balance of the motion. The trial court found Defendant guilty of the extortion charges, three counts of forgery, and one count of passing bad checks. The trial court sentenced Defendant to one year incarceration for each count of extortion to be served concurrently. The trial court also sentenced Defendant to ten months incarceration on the forgery counts and on the sole count of passing bad checks. The trial court ordered that Defendant serve all the sentences concurrently for a total of one year incarceration.
 {¶ 3} Defendant now appeals, asserting three assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The evidence is insufficient to sustain convictions pursuant to Counts Eleven and Twelve as the prosecutor failed to prove venue beyond a reasonable doubt."
 {¶ 4} In his first assignment of error, Defendant argues that the State failed to prove the elements of venue beyond a reasonable doubt. As we find that Defendant waived this argument by failing to raise it below, we find no merit in this assigned error.
 {¶ 5} "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element thereof was committed." State v. Crigger (May 25, 1983), 9th Dist. No. 3423, at *3, quoting R.C. 2901.12(A). In a criminal matter, the State must prove venue at trial unless it is waived by the defendant. State v. Draggo (1981), 65 Ohio St.2d 88, 90. "[A] defendant waives the right to challenge venue when the issue is raised for the first time on appeal." State v. Wheat, 10th Dist. No. 05AP-30, 2005-Ohio-6958, at ¶ 10, citing State v.Loucks (1971), 28 Ohio App.2d 77, 78.
 {¶ 6} Defendant contends that the State failed to properly establish that Counts Eleven and Twelve, forgery, occurred in Summit County and therefore that Summit County was the proper venue. However, there was no objection made to the trial court at the close of the State's case and/or in Defendant's motion for acquittal that the State had failed to prove venue. Consequently, such objection is deemed waived. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred by failing to grant a defense motion to sever counts."
 {¶ 7} In Defendant's second assignment of error he contends that the trial court erred in denying his motion to sever the forgery and extortion counts that related to different victims. As Defendant failed to preserve this challenge for our review, we find no merit in this contention.
 {¶ 8} On April 15, 2005, Defendant filed a motion for relief from prejudicial joinder and/or a motion in limine in which he contended that the charges from the supplemental indictment should be tried separately from the counts in the original indictment. The trial court denied this motion on April 21, 2005 and the case proceeded to trial. Defendant failed to renew his motion after the State rested its case at trial, and did not renew it at the close of all the evidence. As this Court has held, "[w]here a motion to sever is not renewed either after the close of the state's evidence or at the conclusion of all the evidence, it is waived." State v. Amore, 9th Dist. No. 008281, 2004-Ohio-958, at ¶ 20, citing State v. McIntyre (Jan. 22, 1986), 9th Dist. No. 12241. As such, Defendant has waived this objection and we decline to review it. Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The sentence imposed against [Defendant], which involved sentencing enhancements not proven beyond a reasonable doubt, is unconstitutional under the holding of the United States Supreme Court in Blakely v. Washington (2004), 124 S.Ct. 2531."
 {¶ 9} In his third assignment of error, Defendant contends that the trial court engaged in unconstitutional fact finding in order to sentence him to a prison term instead of imposing community controlled sanctions. Specifically, Defendant asserts that Blakely v. Washington (2004), 542 U.S. 296 compels reversal of his sentence. We find that Defendant's assignment of error lacks merit.
 {¶ 10} A review of the record reveals that Defendant did not challenge the constitutionality of Ohio's sentencing statutes in the trial court. In State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, we held that a defendant must raise the constitutionality of Ohio's sentencing statutes in order to preserve the argument on appeal. As Defendant failed to raise any objection to his sentence in the trial court and specifically failed to challenge the constitutionality of Ohio's sentencing statutes, he is precluded from raising this argument for the first time on appeal. In addition, as Defendant has not alleged that the trial court committed plain error in his sentencing, we decline to address the issue. Defendant's third assignment of error is overruled.
 {¶ 11} Defendant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Boyle, J. concur.