DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Ervin Eugene Burgess, appeals from his conviction in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} In June of 2007, Appellant, Ervin Eugene Burgess, was indicted on one count of domestic violence, in violation of R.C. 2919.25(A), a felony of the third degree. Burgess pled guilty. A pre-sentence investigation report was prepared. On October 1, 2007, the trial court imposed a five-year term of imprisonment. Burgess timely appealed his sentence, raising one assignment of error for our review. *Page 2 
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN SENTENCING BURGESS TO A NON-MINIMUM PRISON TERM FOR DOMESTIC VIOLENCE IN VIOLATION OF THE UNITED STATES CONSTITUTION AND HIS RIGHTS UNDER THE CONSTITUTION."
 {¶ 3} In his sole assignment of error, Burgess contends that the trial court erred in sentencing him to a non-minimum prison term for domestic violence in violation of the United States Constitution and his rights under the Constitution. We disagree.
 {¶ 4} On appeal, Burgess challenges the constitutionality of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. He also contends that the application of Foster to his sentence violates his rights under the Equal Protection Clauses of the U.S. and Ohio Constitutions. In addition, he asserts that his sentence to more than the minimum prison term permitted for a domestic violence conviction violates the Ex Post Facto clause of the U.S. Constitution. Essentially, Burgess contends that pre-Foster, he would have received the minimum prison term.
 {¶ 5} A review of the record reflects that Burgess never challenged the constitutionality of Ohio's sentencing statutes in the trial court. In State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, we held that a defendant must raise the constitutionality of Ohio's sentencing statutes below in order to preserve the argument, including an argument under Foster, on appeal. *Page 3 
See State v. Metz, 9th Dist. No. 22763, 2006-Ohio-1551, at ¶ 9-10;State v. Duffield, 9th Dist. No. 22634, 2006-Ohio-1823, at ¶ 72-74.
 {¶ 6} The record reflects that Burgess was sentenced on October 1, 2007, well after Foster was decided. As Burgess failed to raise any objection to his sentence in the trial court and specifically failed to challenge the constitutionality of Ohio's sentencing statutes, he is precluded from raising these arguments for the first time on appeal.State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 21. However, "`[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court[.]'"Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121, quoting Crim.R. 52(B). Burgess has asserted on appeal that "the trial court's imposition of a clearly unconstitutional sentence upon Mr. Burgess amounts to plain error." Therefore, we are confined to a plain error analysis.
 {¶ 7} In Foster, supra, the Court "held that those portions of Ohio's sentencing scheme requiring judicial fact-finding were unconstitutional." Payne, supra, at ¶ 6, citing Foster, at paragraphs one, three, and five of the syllabus. Therefore, "[s]inceFoster, trial courts no longer must navigate a series of criteria that dictate the sentence and ignore judicial discretion." Id. at ¶ 25.
 {¶ 8} The Foster Court noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster, at ¶ 42. Moreover, post-Foster, it is axiomatic that *Page 4 
"[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions. In its journal entry, the trial court specifically stated that it had considered the purposes and principles of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The trial court additionally stated that it had considered the record and oral statements when making its decision.
 {¶ 9} R.C. 2929.11 provides in pertinent part as follows:
 "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 10} Burgess was convicted of a third degree felony. Accordingly, the trial court was permitted to utilize its discretion to sentence him on the third *Page 5 
degree felony within the range of one to five years. R.C. 2929.14(A)(3). Burgess was sentenced to five years of incarceration on the domestic violence charge. Accordingly, his sentence falls within the statutory range set forth in R.C. 2929.14.
 {¶ 11} Initially, this Court notes that a pre-sentence investigation was completed in the trial court. As such, there is a presumption that the trial court utilized it in imposing its sentence. State v. O`Neal (Sept. 29, 1999), 9th Dist. No. 19255, at *2, citing State v.Koons (1984), 14 Ohio App.3d 289, 291. As Burgess failed to include the pre-sentence report in the record, this Court cannot properly review the trial court's decision. We, therefore, have no choice but to presume the validity of the trial court's factual findings in support of Burgess' sentence. State v. Cox (Apr. 12, 2000), 9th Dist. No. 19773, at *2. AsFoster affords the trial court the discretion to consider the above factors, the trial court certainly did not err when it followed the dictates of the Ohio Supreme Court. Accordingly, we cannot say that the trial court committed plain error when it sentenced Burgess to five years of incarceration on the domestic violence charge.
 {¶ 12} Accordingly, Burgess' sole assignment of error is overruled.
 III. *Page 6 {¶ 13} Burgess' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, J. WHITMORE, J. CONCUR *Page 1