DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Joseph Romanda pleaded guilty to two counts of rape and counts of kidnapping, felonious assault, and disrupting public services. The trial court sentenced him to eight years for each rape count, seven years for kidnapping, six years for felonious assault, and twelve months for disrupting public services. It ordered the sentences to run consecutively for a total prison term of 30 years. Mr. Romanda has appealed, assigning one error regarding whether his sentence violates the United States and Ohio Constitutions. This Court affirms because Mr. Romanda forfeited his arguments by not challenging the constitutionality of the Ohio Supreme Court's decision in State v. Foster,109 Ohio St. 3d 1, 2006-Ohio-856, before the trial court.
 SENTENCING {¶ 2} In Foster, the Ohio Supreme Court determined that certain parts of the Ohio sentencing system were unconstitutional. Id. at paragraph one, three, and five of the syllabus. *Page 2 
The Supreme Court "severed" the unconstitutional parts and left the remaining parts of the sentencing system intact. Id. at ¶ 97. It held that trial courts now "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 3} In State v. Kalish, 120 Ohio St. 3d 23, 2008-Ohio-4912, a plurality of the Supreme Court concluded that, in light ofFoster, when appellate courts review criminal sentences, they must apply a "two-step approach." Id. at ¶ 4. The first step is whether the sentence was contrary to law. Id. The second step is whether the court exercised proper discretion in imposing the term of imprisonment.Id. at ¶ 26.
 {¶ 4} Mr. Romanda has argued that the trial court's application ofFoster's "remedy" stripped him of the protection of the sentencing presumptions that applied prior to that decision. According to Mr. Romanda, in sentencing him under Foster, the trial court violated the Ex Post Facto Clause of the United States Constitution, his due process rights, his right to a trial by jury, the separation of powers doctrine, his equal protection rights, and the rule of lenity.
 {¶ 5} The record reflects that Mr. Romanda did not challenge the constitutionality of Ohio's sentencing scheme after Foster in the trial court. This Court has held that "a defendant must raise the constitutionality of Ohio's sentencing statutes below in order to preserve [his] arguments], including an argument under Foster, on appeal." State v. Burgess, 9th Dist. No. 23940, 2008-Ohio-2025, at ¶ 5 (citing State v. Dudukovich, 9th Dist. No. 05CA008729,2006-Ohio-1309, at ¶ 24). In addition, because Mr. Romanda has not argued that the trial court committed plain error, this Court will not address that issue. State v. Metz, 9th Dist. No. 22763, *Page 3 2006-Ohio-1551, at ¶ 10; Dudukovich, 2006-Ohio-1309, at ¶ 24. Mr. Romanda's assignment of error is overruled.
 CONCLUSION {¶ 6} Mr. Romanda forfeited his argument that the trial court violated his constitutional rights when it sentenced him under Foster. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
MOORE, P. J. BELFANCE, J. CONCUR.
 *Page 1