[Cite as *State v. Thomas*, 2011-Ohio-4226.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 25590 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CEDRIC P. THOMAS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 08 02 0459 (A) |

DECISION AND JOURNAL ENTRY

Dated: August 24, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1} Cedric Thomas pleaded guilty to trafficking in cocaine, possession of cocaine, having weapons while under disability, and possession of criminal tools, and the trial court sentenced him to 10 years in prison. Mr. Thomas did not appeal. When the trial court discovered later that it had not properly imposed post-release control, it held a hearing and issued a nunc pro tunc journal entry to correct its original sentencing entry. Mr. Thomas has appealed, assigning two errors regarding the validity of his convictions and sentence. We affirm because Mr. Thomas's arguments are barred by the doctrine of res judicata.

RES JUDICATA

{¶2} Mr. Thomas's first assignment of error is that the trial court incorrectly sentenced him under the statutory requirements for crack cocaine instead of powder cocaine. His second assignment of error is that the trial court incorrectly determined that his trafficking and

possession of cocaine convictions are not allied offenses of similar import. The State has argued that Mr. Thomas's arguments are barred by the doctrine of res judicata because he could have raised them on appeal from the trial court's original sentencing entry.

{¶3} The trial court held a hearing and issued a nunc pro tunc sentencing entry because it determined that it had not correctly imposed post-release control. Under Section 2929.19.1 of the Ohio Revised Code, "[i]f . . . a court imposed a sentence including a prison term . . . and failed to notify the offender . . . that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction . . . , at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." In *State v. Singleton*, 124 Ohio St. 3d 173, 2009-Ohio-6434, the Ohio Supreme Court explained that Section 2929.19.1 allows a trial court to "correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control." *Id*. at ¶23.

{¶4} In *State v. Bezak*, 114 Ohio St. 3d 94, 2007-Ohio-3250, the Ohio Supreme Court held that a trial court's mistake in imposing post-release control renders its entire judgment void. *Id*. at ¶16. In *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, however, the Court modified *Bezak*, clarifying that only the part of the sentence that was in error is void. *Id*. at paragraph two of the syllabus. It also held that "[t]he scope of an appeal from a resentencing

hearing in which a mandatory term of post-release control is imposed is limited to issues arising at the resentencing hearing." *Id.* at ¶40. "[R]es judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.*

{¶5} Although the part of the trial court's original sentencing entry that imposed post-release control was void, the rest was not, including the trial court's determination that Mr. Thomas should be sentenced under the statutory requirements for crack cocaine and its determination that Mr. Thomas's convictions are not allied offenses of similar import. See *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at ¶27. Mr. Thomas could have appealed the trial court's original sentencing entry on those grounds, but did not. Accordingly, his arguments are barred by the doctrine of res judicata. See *State v. Ketterer*, 126 Ohio St. 3d 448, 2010-Ohio-3831, at ¶59 ("Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal."); *State v. Rexroad*, 9th Dist. No. 22214, 2004-Ohio-6271, at ¶8 ("That a defendant failed to directly appeal from his conviction and sentence does not prevent the application of the doctrine of res judicata."). Mr. Thomas's assignments of error are overruled.

## CONCLUSION

{¶6} Although the trial court incorrectly imposed post-release control, only that part of its sentencing entry was void. Res judicata bars Mr. Thomas from assigning errors that he could have assigned on appeal from the trial court's original sentencing entry. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

—

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.