[Cite as *State v. Horton*, 2013-Ohio-848.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

     Appellee

     v.

ANTHONY G. HORTON

     Appellant

C.A. No.     12CA010271

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    04CR065388
                 04CR065403
                 04CR065599

DECISION AND JOURNAL ENTRY

Dated: March 11, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, Anthony Horton, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I

{¶2} In July 2004, Horton was indicted on a total of 25 counts, stemming from three separate cases. In February 2006, Horton pleaded guilty to all counts and was sentenced to a total of 15 years in prison. After sentencing, Horton filed a direct appeal, which was dismissed by this Court in June 2006 because he failed to respond to a show cause order. Subsequently, Horton filed a delayed appeal, which was also dismissed.

{¶3} Over the next several years, Horton filed numerous motions with the trial court seeking to withdraw his guilty plea and requesting judicial release. The trial court denied all of his motions. In 2010, Horton appealed from the court's denial of judicial release. The appeal was dismissed for lack of a final, appealable order.

{¶4} On August 8, 2012, Horton filed a "Motion to Correct Illegal Sentence," which was denied by the trial court. Horton now appeals and raises two assignments of error for our review.

II

Assignment of Error Number One

WHERE A TRIAL COURT ERRONEOUSLY INFORMS A DEFENDANT DURING THE PLEA COLLOQUY THAT HE COULD BE CONVICTED OF AND SENTENCED TO OFFENSES THAT ARE ALLIED OFFENSES OF SIMILAR IMPORT THE TRIAL COURT FAILS TO INFORM OF THE MAXIMUM-PENALTY COMPONENT OF CRIM.R. 11(C)(2)(A).

{¶5} In his first assignment of error, Horton argues that the trial court erred when it failed to properly inform him of the maximum penalty as required by Crim.R. 11(C)(2)(A).

Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised * * * on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.3d 175 (1967), paragraph nine of the syllabus. The doctrine of res judicata applies even if the defendant does not perfect a direct appeal from his or her conviction. *State v. Rhoten*, 9th Dist. No. 24487, 2009-Ohio-3362, ¶ 6.

{¶6} Horton argues that his sentence is invalid because the trial court failed to comply with Crim.R. 11. Even assuming this were true, Horton could have raised this argument in his direct appeal in 2006. It is well established law in Ohio that res judicata prohibits the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37; *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995). Because Horton's argument could have been raised in his direct appeal, it is now barred by the doctrine of res judicata.

{¶7}    Horton's first assignment of error is overruled.

<u>Assignment of Error Number Two</u>

THE TRIAL COURT VIOLATED APPELLANT'S SIXTH AMENDMENT RIGHT TO A JURY, BY ENGAGING IN IMPROPER FACT-FINDING AND, CONSEQUENTLY, SENTENCED HIM TO FIFTEEN YEARS INCARCERATION RATHER THAN THE STATUTORY MINIMUM PRISON TERM FOR AN INDIVIDUAL WHO HAS NOT PREVIOUSLY SERVED A PRISON TERM, AS PRESCRIBED BY O.R.C. §2929.14(B)(1).

{¶8}    In his second assignment of error, Horton argues that the trial court erred by (1) not sentencing him, as a first time offender, to a minimum term of incarceration, and (2) by engaging in unconstitutional fact-finding.

{¶9}    A sentence may be void or voidable.  "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act.  Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." (Internal citations omitted.) *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27.

<u>Voidable</u>

{¶10}  A voidable sentence may only be set aside if successfully challenged on direct appeal.  *Id*. at ¶ 28.  Prior to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, courts were required to engage in judicial fact-finding when sentencing defendants to a term greater than the statutory presumptive terms.  *Payne* at ¶ 29; *Foster* at syllabus.  The *Foster* Court held that this mandatory judicial fact-finding was a constitutional violation and severed the offending portions of the sentencing statute.  *Foster* at syllabus.  Because courts prior to *Foster* had jurisdiction to impose a sentence within the statutory range after conducting the judicial fact-finding as previously required by the statute, the sentences were an erroneous exercise of the trial court's

jurisdiction. Therefore, pre-*Foster* sentences imposed after judicial fact-finding are voidable, not void, sentences. *Payne* at ¶ 29.

**{¶11}** Horton was sentenced on February 13, 2006, prior to the *Foster* decision on February 27, 2006. Assuming Horton's argument to be true, that the court engaged in judicial fact-finding, this only makes his sentence voidable. Any challenge to a voidable sentence should have been raised on direct appeal and is now barred by the doctrine of res judicata. *Id.* at ¶ 28.

**{¶12}** To the extent that Horton argues the court erred by failing to merge allied offenses, this argument could have been raised in his direct appeal and is also now barred by the doctrine of res judicata. *State v. Thomas*, 9th Dist. No. 25590, 2011-Ohio-4226, ¶ 5.

Void

**{¶13}** The doctrine of res judicata does not apply to appeals taken from a void judgment. Therefore, a defendant may challenge a void judgment at any time. *State v. Baker*, 9th Dist. No. 25024, 2010-Ohio-4329, ¶ 9. "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act." *Payne* at ¶ 27.

**{¶14}** Horton makes no argument that the trial court lacked subject-matter jurisdiction, nor do we find any evidence in the record to support such an argument. Thus, as long as Horton's sentences were within the statutory ranges, they are not void.

| Case/Count | Level of Offense | Sentence Imposed | Sentence Permitted by Statute[1] |
|---|---|---|---|
| 04CR065388 – Count 1 | F1 | 9 Years | 3 to 10 Years |
| 04CR065388 – Count 2 | F1 | 9 Years | 3 to 10 Years |
| 04CR065388 – Count 3 | F1 | 9 Years | 3 to 10 Years |

---

[1] Former R.C. 2929.14 and 2929.24.

| | | | |
|---|---|---|---|
| 04CR065388 – Count 4 | F1 | 9 Years | 3 to 10 Years |
| 04CR065388 – Count 5 | F2 | 8 Years | 2 to 8 Years |
| 04CR065388 – Count 6 | F2 | 8 Years | 2 to 8 Years |
| 04CR065388 – Count 7 | F2 | 8 Years | 2 to 8 Years |
| 04CR065388 – Count 8 | F1 | 9 Years | 3 to 10 Years |
| 04CR065388 – Count 9 | F1 | 9 Years | 3 to 10 Years |
| 04CR065388 – Count 10 | F2 | 8 Years | 2 to 8 Years |
| 04CR065388 – Count 11 | F2 | 8 Years | 2 to 8 Years |
| 04CR065388 – Count 12 | F2 | 8 Years | 2 to 8 Years |
| 04CR065388 – Count 13 | F4 | 18 Months | 6 to 18 Months |
| 04CR065388 – Count 14 | F5 | 12 Months | 6 to 12 Months |
| 04CR065388 – Count 15 | F2 | 8 Years | 2 to 8 years |
| 04CR065388 – Count 16 | F2 | 8 Years | 2 to 8 years |
| 04CR065388 – Count 17 | M1 | 6 Months | Not more than 180 Days |
| 04CR065388 – Count 18 | M1 | 6 Months | Not more than 180 Days |
| 04CR065388 – Count 19 | F4 | 18 Months | 6 to 18 Months |
| 04CR065388 – Count 20 | M1 | 6 Months | Not more than 180 Days |
| 04CR065388 – Count 21 | F5 | 12 Months | 6 to 12 Months |
| 04CR065403 – Count 1 | M1 | 6 Months | Not more than 180 Days |
| 04CR065403 – Count 2 | F5 | 11 Months | 6 to 12 Months |
| 04CR065599 – Count 1 | F2 | 2 Years | 2 to 8 Years |

| 04CR065599 – Count 2 | F3 | 3 Years | 1 to 5 Years |
|---|---|---|---|

**{¶15}**  In case number 04CR065388, Horton was sentenced to a total of twelve years in prison on 21 counts.  He was sentenced to nine years on each of the six felonies of the first degree; eight years on each of the eight felonies of the second degree; eighteen months on each of the two felonies of the fourth degree; twelve months on each of the two felonies of the fifth degree; and six months on each of the three misdemeanors of the first degree.  The court ordered the sentences to run concurrently.  In addition, most counts had a three year firearm specification attached.  The court ordered the firearm specifications to be served concurrently, but consecutive to the sentence of nine years on the underlying offenses.

**{¶16}**  In case number 04CR065403, Horton was sentenced to a prison term of eleven months on two counts.  He was sentenced to eleven months on a felony of the fifth degree and six months on a misdemeanor of the first degree.  The court ordered the sentences to be served concurrently to each other and concurrent to the twelve years in case 04CR065388.

**{¶17}**  In case number 04CR065599, Horton was sentenced to a prison term of three years on two counts.  He was sentenced to two years on a felony of the second degree and three years on a felony of the third degree.  The court ordered the sentences to be served concurrently to each other, but consecutive to the twelve years in case 04CR065388.

**{¶18}**  As the chart demonstrates, all of Horton's sentences fall within the applicable statutory range.  The trial court acted within its authority when it imposed his sentences.  Accordingly, Horton's sentences are not void.  Horton's second assignment of error is overruled.

## III

{¶19}   Horton's assignments of error are overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ANTHONY G. HORTON, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.