[Cite as *State v. Romanda*, 2013-Ohio-1771.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.   26450 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| JOSEPH M. ROMANDA | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.   CR 07 04 1226 |

DECISION AND JOURNAL ENTRY

Dated: May 1, 2013

MOORE, Presiding Judge.

{¶1}   Defendant, Joseph M. Romanda, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   In 2007, Mr. Romanda pleaded guilty to two counts of rape, one count of kidnapping, one count of felonious assault, and one count of disrupting a public service.  The trial court sentenced Mr. Romanda to a total term of incarceration of thirty years.  Mr. Romanda appealed from the sentencing entry, and this Court affirmed his convictions.  *State v. Romanda*, 9th Dist. No. 24293, 2009-Ohio-1763.

{¶3}   In 2012, Mr. Romanda filed a "Motion to Vacate and Set Aside Sentence Pursuant to R.C. 2941.25[.]"  In his motion, he argued that the trial court should vacate his sentence because it violated his due process rights by failing to merge purportedly allied offenses of similar import.

{¶4} The trial court denied this motion in a journal entry issued on April 27, 2012. Mr. Romanda filed a timely notice of appeal from the trial court's entry denying his motion, and he now presents four assignments of error for our review. We have consolidated the assignments of error to facilitate our discussion.

II.

## ASSIGNMENT OF ERROR I

TRIAL COURT ERRED IN NOT ADVISING OF RIGHT TO APPEAL PURSUANT TO OHIO CRIMINAL RULE 32(B)[.]

## ASSIGNMENT OF ERROR II

TRIAL COURT FAILED PROPERLY TO IMPOSE POST RELEASE CONTROL PURSUANT TO OHIO REVISED CODE 2967.28[.]

## ASSIGNMENT OF ERROR III

TRIAL COURT ERRED WHEN CONVICTING OF CHARGES THAT WERE TO BE MERGED AS ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO OHIO REVISED CODE 2941.25[.]

## ASSIGNMENT OF ERROR IV

TRIAL COURT ERRED IN DENYING MOTION WITHOUT A FULL AND FAIR CONSIDERATION HEARING[.]

{¶5} In his assignments of error, Mr. Romanda raises challenges to his sentencing. However, Mr. Romanda did not raise the issues set forth in his first and second assignments of error in his motion. Rather his motion pertained only to the issue of merger of allied offenses.[1] Therefore, we need not address the issues raised in the first or second assignments of error. *See State v. Logan*, 9th Dist. No. 21070, 2002-Ohio-6290, ¶ 18.

---

[1] Mr. Romanda argued in his response to the State's brief in opposition to his motion that his sentencing was not a "final appealable order" due to the failure of the sentencing entry to include the consequences of violating postrelease control. However, the record does not indicate that Mr. Romanda has moved the trial court to correct the allegedly improper imposition of postrelease control.

{¶6} R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Therefore, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. Here, Mr. Romanda's motion requesting the trial court to vacate his sentence because of purported violations of his due process rights constituted a motion for post-conviction relief.

{¶7} A trial court's decision denying a post-conviction petition is reviewed for an abuse of discretion. *State v. Craig*, 9th Dist. No. 24580, 2010-Ohio-1169, ¶ 14. An abuse of discretion connotes that a trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} R.C. 2953.21 establishes procedures for filing a petition for post-conviction relief. R.C. 2953.21(A)(2) provides, in part, that:

> [A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

**{¶9}** An exception to the time limit exists if it can be shown both that (1) "the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right;" and (2) there is clear and convincing evidence that, but for the constitutional error at trial, no reasonable trier of fact would have found the petitioner guilty of the offense. R.C. 2953.23(A)(1).

**{¶10}** Mr. Romanda filed the transcript in his direct appeal in November of 2008; he did not file his petition for post-conviction relief until March of 2012. Therefore, his motion was untimely. Mr. Romanda did not argue that the exceptions contained in R.C. 2953.23(A)(1) apply to this case. Therefore, we cannot say that the trial court abused its discretion in denying Mr. Romanda's motion.

**{¶11}** Further, it is well settled that res judicata prohibits the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37. Because Mr. Romanda's merger argument could have been raised in his direct appeal, it is now barred by the doctrine of res judicata. *See State v. Smith*, 9th Dist. No. 02CA0068, 2003-Ohio-4264, ¶ 10, and *State v. Horton*, 9th Dist. No. 12CA010271, 2013-Ohio-848, ¶ 12, citing *State v. Thomas*, 9th Dist. No. 25590, 2011-Ohio-4226, ¶ 5.

**{¶12}** Accordingly, Mr. Romanda's assignments of error are overruled.

III.

**{¶13}** Mr. Romanda's assignments of error are overruled. The decision of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

———

CARLA MOORE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JOSEPH M. ROMANDA, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.