[Cite as *State v. Jones*, 2013-Ohio-3710.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.   26854 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT C. JONES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.   CR 03 09 2736 |

DECISION AND JOURNAL ENTRY

Dated: August 28, 2013

HENSAL, Judge.

{¶1}   Robert C. Jones appeals from a judgment of the Summit County common pleas court that denied his motion to correct illegal sentence. For the following reasons, this Court affirms.

I.

{¶2}   In April 2004, a jury found Mr. Jones guilty of attempted aggravated murder and aggravated arson. The trial court sentenced him to ten years imprisonment for attempted aggravated murder and five years imprisonment for aggravated arson. It ordered him to serve the sentences consecutively. Mr. Jones appealed, but this Court upheld his convictions. *State v. Jones*, 9th Dist. Summit No. 22112, 2005-Ohio-265.

{¶3}   In February 2005, Mr. Jones petitioned for post-conviction relief, alleging ineffective assistance of trial counsel. The trial court denied his petition. In October 2005, Mr. Jones filed a second petition for post-conviction relief, alleging that he had discovered new

evidence. The trial court denied his petition, concluding that his arguments were barred by res judicata.

**{¶4}** In February 2013, Mr. Jones filed a "Motion to Correct Illegal Sentence and for a De Novo Resentencing." According to Mr. Jones, in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court clarified the test for determining whether two offenses should be merged as allied offenses under Revised Code Section 2941.25. He argued that *Johnson* applies retroactively; therefore, he is entitled to a new sentencing hearing. The trial court, however, denied his motion. Mr. Jones has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PLAIN ERROR AND WAS WITHOUT STATUTORY JURISDICTION TO SENTENCE MR. JONES CONSECUTIVELY FOR ATTEMPTED AGGRAVATED MURDER AND AGGRAVATED ARSON, THAT OCCURRED AT THE SAME TIME BY THE SAME CONDUCT AND ARE ALLIED OFFENSES OF SIMILAR IMPORT, RENDERING THE SENTENCE VOID.

ASSIGNMENT OF ERROR II

THE OHIO SUPREME COURT DECISION OF STATE V. JOHNSON, 128 OHIO ST.3D 153, 942 N.E.2D 1061, IS AN "INTERVENING" "RETROACTIVE STATUTORY INTERPRETATION OF WHAT R.C. § 2941.25, HAS ALWAYS MEANT," THE GENERAL RULE IS THAT A DECISION OF A COURT OF SUPERIOR JURISDICTION OVERRULING A FORMER DECISION IS RETROSPECTIVE IN ITS OPERATION, AND THE EFFECT IS NOT THAT THE FORMER WAS BAD LAW, BUT THAT IT NEVER WAS THE LAW.

ASSIGNMENT OF ERROR III

WHEN A COURT IMPOSES A SENTENCE EITHER CONSECUTIVE OR CONCURRENT IN VIOLATION OF THE ALLIED OFFENSE OF SIMILAR IMPORT STATUTE R.C. § 2941.25, THE COURT IS VIOLATING THE OHIO AND UNITED STATES CONSTITUTIONS PROHIBITION AGAINST DOUBLE JEOPARDY RENDERING THE SENTENCE UNCONSTITUTIONAL AND VOID.

{¶5} Mr. Jones argues that the trial court committed plain error at sentencing when it imposed a prison term for both offenses and ordered him to serve the terms consecutively. He argues that, under *Johnson*, he may only be sentenced for one of the offenses. He also argues that, because his sentence does not comply with *Johnson*, it is void, and he is entitled to a completely new sentencing hearing. He further argues that the fact that his sentence is void means that his motion did not have to meet the requirements for a successive petition for post-conviction relief and that his arguments are not barred under the doctrine of res judicata.

{¶6} "A sentence may be void or voidable." *State v. Horton*, 9th Dist. Lorain No. 12CA010271, 2013-Ohio-848, ¶ 9. In general, "[a] void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." (Internal citations omitted.) *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27. *But see State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, ¶ 15 (explaining that a sentence that does not include a statutorily-mandated term is void in part). "A voidable sentence may only be set aside if successfully challenged on direct appeal." *Horton* at ¶ 10. On the other hand, "[a] defendant may challenge a void judgment at any time." *State v. Dawson*, 9th Dist. Summit 26500, 2013-Ohio-1767, ¶ 6. "The determination of whether a judgment is void presents a question of law." *Blaine v. Blaine*, 4th Dist. Jackson No. 10CA15, 2011-Ohio-1654, ¶ 19.

{¶7} This Court has held that a trial court's failure to merge allied offenses does not result in a void sentence. *State v. Abuhilwa*, 9th Dist. Summit No. 25300, 2010-Ohio-5997, ¶ 8. Accordingly, Mr. Jones has not presented an issue that may be raised for the first time eight years after his conviction and notwithstanding his failure to raise the issue on direct appeal or in

his previous post-trial motions. *State v. Johnson*, 9th Dist. Summit No. 26167, 2012-Ohio-4251, ¶ 7. The doctrine of res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on [direct] appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59.

{¶8} Mr. Jones could have raised his allied offenses argument on direct appeal. Accordingly, we conclude that it is barred by the doctrine of res judicata. *State v. Romanda*, 9th Dist. Summit No. 26450, 2013-Ohio-1771, ¶ 11; *Horton*, 2013-Ohio-848, at ¶ 12; *State v. Heina*, 9th Dist. Medina No. 11CA0100-M, 2012-Ohio-4200, ¶ 6. Mr. Jones's assignments of error are overruled.

### III.

{¶9} The trial court correctly denied Mr. Jones's motion to correct illegal sentence and for a de novo resentencing. The judgment of the Summit County common pleas court is affirmed.

Judgment affirmed.

⸻

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ROBERT C. JONES, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.