[Cite as *State v. Bates*, 2014-Ohio-3976.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

MARC A. BATES

    Appellant

C.A. No.    13CA0080-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    11-CR-0575

DECISION AND JOURNAL ENTRY

Dated: September 15, 2014

WHITMORE, Judge.

{¶1}    Appellant, Marc Bates, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I

{¶2}    In March 2012, Bates was convicted by jury of: (1) burglary, (2) theft of a motor vehicle, (3) two counts of breaking and entering, and (4) arson. Subsequently, Bates was found guilty by the court of a repeat violent offender specification that was attached to the burglary count. The court sentenced Bates to an aggregate term of twelve years in prison, and Bates appealed.

{¶3}    In his direct appeal, Bates argued that his convictions for burglary and arson were not supported by sufficient evidence and were against the manifest weight of the evidence. *State v. Bates*, 9th Dist. Medina No. 12CA0046-M, 2013-Ohio-3565, ¶ 6. Bates further challenged the court's jury instructions. *Id*. at ¶ 45-50. While this Court affirmed Bates' convictions for

burglary and arson, we reversed his conviction of felony arson because the record did not support the enhancement from a misdemeanor. *Id*. at ¶ 36-37, 51. We remanded the case for Bates to be resentenced on the arson count as a first degree misdemeanor. *Id*. at ¶ 51.

{¶4}  On remand, the court held a new sentencing hearing. The court imposed 180 days in jail for the misdemeanor arson and reissued the same sentences for the other counts. Bates' total prison term of twelve years remained unchanged. Bates now appeals from his resentencing and raises one assignment of error for our review.

II

Assignment of Error

DOES THE FAILURE OF THE TRIAL COURT TO STATE FINDINGS EXPLAINING THE IMPOSED SENTENCE FOR A REPEAT VIOLENT OFFENDER SPECIFICATION IN A CRIMINAL CASE RENDER THAT PART OF THE SENTENCE VOID?

{¶5}  In his sole assignment of error, Bates argues that the court erred in failing to make the required statutory findings under R.C. 2929.14(B)(2)(e)[1] when imposing his sentence on the repeat violent offender specification. Specifically, Bates argues that the court's failure to make the required findings at his original sentencing hearing renders that part of his sentence void.[2] We disagree.

{¶6}  "A sentence may be void or voidable." *State v. Horton*, 9th Dist. Lorain No. 12CA010271, 2013-Ohio-848, ¶ 9. Generally, "[a] void sentence is one that a court imposes

---

[1] R.C. 2929.14(B)(2)(e) states that "[w]hen imposing a sentence pursuant to division (B)(2)(a) or (b) of this section, the court shall state its findings explaining the imposed sentence."

[2] Bates does not argue that the scope of our prior remand was broader than resentencing Bates on the arson count. *See Bates*, 2013-Ohio-3565, ¶ 51. Instead, Bates' argument is premised upon his contention that the original sanction for the repeat violent offender specification was void because the trial court did not make the requisite findings under R.C. 2929.14(B)(2)(e). Based upon that premise, upon remand, he maintains that the trial court had authority to revisit the repeat violent offender penalty enhancement related to the burglary.

despite lacking subject-matter jurisdiction or the authority to act." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27. Generally, sentencing errors are not jurisdictional and do not render a judgment void. *See State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 13. The Ohio Supreme Court has declined to find sentences void based on the court's failure to comply with certain sentencing statutes. *See State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 8. (challenges to a trial court's: (1) compliance with the purposes and principles of sentencing, (2) determination of allied offenses, and (3) consecutive sentencing must be brought on direct appeal). However, when a judge fails to impose a statutorily mandated sentence, the Ohio Supreme Court has held that that portion of the sentence is void. *See id.* at ¶ 7-8 (sentence void when court fails to include mandated post-release control, mandatory driver's license suspension, or mandatory fines). A void judgment is a nullity and may be reviewed at any time. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 46.

**{¶7}** "Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, ¶ 13 (9th Dist.), quoting *Simpkins* at ¶ 12. "A voidable sentence may only be set aside if successfully challenged on direct appeal." *State v. Jones*, 9th Dist. Summit No. 26854, 2013-Ohio-3710, ¶ 6, quoting *Horton* at ¶ 10.

**{¶8}** Here, Bates challenges the trial court's compliance with R.C. 2929.14(B)(2)(e) which requires the court to "state its findings explaining the imposed sentence" at sentencing. We conclude that a court's failure to comply with R.C. 2929.14(B)(2)(e) is akin to a court's failure to comply with R.C. 2929.14(C)(4) (consecutive sentencing), R.C. 2929.11 and R.C. 2929.12 (purposes and principles of sentencing), and 2941.25 (allied offenses). The Ohio Supreme Court has declined to find that these errors constitute void sanctions. *See Holdcroft* at ¶

8 ("The *Fischer* rule applies only in a limited class of cases—all three cases to which we have applied the *Fischer* rule have in common the crucial feature of a void sanction.").

**{¶9}** Because Bates' judgment is not void, his assignment of error is barred by res judicata. "The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been previously litigated." (Internal quotations and citation omitted.) *State v. Lowe*, 9th Dist. Summit No. 27199, 2014-Ohio-1817, ¶ 6. Because Bates could have challenged the trial court's compliance with R.C. 2929.14(B)(2)(e) in his direct appeal, it is now barred by res judicata.[3]

**{¶10}** Bates' sole assignment of error is barred by res judicata, and therefore, is overruled.

### III

**{¶11}** Bates' sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

─────

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

---

[3] Pursuant to App.R. 26(B), Bates may be able to raise his assignment of error through an application to reopen his direct appeal based on ineffective assistance of appellate counsel.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

KELLY A. ONEST, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.