**[Cite as *State v. Dyson*, 2021-Ohio-4466.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     21AP0021 |
|    Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHARLES L. DYSON | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
|    Appellant | CASE No.     09-CR-0031 |

DECISION AND JOURNAL ENTRY

Dated: December 20, 2021

---

SUTTON, Judge.

{¶1} Charles Dyson appeals a judgment of the Wayne County Court of Common Pleas denying his motion to vacate his sentence. For the following reasons, this Court affirms.

I.

{¶2} In January of 2009, Mr. Dyson was indicted on two charges of rape, felonies of the first degree. At the time of the incidents, the victim was eleven years old. Mr. Dyson initially entered a plea of not guilty. However, he subsequently changed his plea, and pled guilty to one count of rape on April 23, 2009. The State dismissed the other charge. After he pled guilty, the trial court sentenced Mr. Dyson to a term of imprisonment of ten years to life and designated Mr. Dyson a Tier-III sex offender.

{¶3} In August of 2009, Mr. Dyson filed a motion to dismiss for delay of trial. The trial court denied that motion. Mr. Dyson appealed that decision, and this Court affirmed the

judgment of the Wayne County Court of Common Pleas. *See State v. Dyson*, 9th Dist. Wayne No. 09CA0055, 2010-Ohio-6452.

{¶4} On May 18, 2021, Mr. Dyson moved to vacate his sentence on the grounds that his sentence was void as a matter of law. The trial court denied his motion. Mr. Dyson timely appealed, assigning one error for this Court's review.

II.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN DENYING [MR. DYSON]'S MOTION TO VOID SENTENCE WHERE [MR. DYSON]'S SENTENCE IS VOID AS A MATTER OF LAW.**

{¶5} Mr. Dyson makes several arguments as to why his sentence is "facially invalid." He argues that the trial court failed to include statutorily mandated terms, included improper sentence enhancements, and improperly sentenced him to a mandatory ten years when the statute reads "term of life with possibility of parole after [ten] years." Because of these errors, Mr. Dyson argues his sentence is void. For the following reasons, we disagree.

Standard of Review

{¶6} Generally, "[a] sentence may be void or voidable." *State v. Jones*, 9th Dist. Summit No. 26854, 2013-Ohio-3710, ¶ 6, quoting *State v. Horton*, 9th Dist. Lorain No. 12CA010271, ¶ 9. "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." *Id.*, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27. "The determination of whether a judgment is void presents a question of law." *Id.*, citing *Blaine v. Blaine*, 4th Dist. Jackson No. 10CA15, 2011-Ohio-1654, ¶ 19.

Void and Voidable Judgments

**{¶7}** In *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, the Ohio Supreme Court overturned some of its precedent with regard to sentencing errors, or as the court stated, "realigned" its "jurisprudence with the traditional understanding of void and voidable sentences." *Id*. at ¶ 43; *see also State v. Green*, 9th Dist. Summit No. 29770, 2021-Ohio-2912, ¶ 5. The *Harper* Court held "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *Id*. at ¶ 26, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 12, 21. "Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal." *Harper* at ¶ 26, citing *Payne* at ¶ 28.

**{¶8}** Following *Harper*, the Ohio Supreme Court further explained that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 1. Thus, "if a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *Id*. at ¶ 19, citing *State v. Perry*, 10 Ohio St.2d 175, 178-179 (1967) (concluding that because the defendant could have, but did not, raise a claimed sentencing error on direct appeal, the error was now barred by the doctrine of res judicata).

**{¶9}** Here, Mr. Dyson does not challenge the trial court's subject matter or personal jurisdiction, and we conclude the trial court possessed subject-matter jurisdiction over Mr.

Dyson's case and personal jurisdiction over Mr. Dyson. *See Harper* at ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d, 2019-Ohio-1677, ¶ 8, (recognizing that "[a] common pleas court has subject-matter jurisdiction over felony cases"); *see also Henderson* at ¶ 36, citing *Tari v. State*, 117 Ohio St. 481 (1927) (noting that "[i]n a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge"). Because the trial court had both subject matter and personal jurisdiction, Mr. Dyson's sentence was not void. Therefore, assuming arguendo there was an error in Mr. Dyson's sentence, any such error would have only rendered Mr. Dyson's sentence voidable.

{¶10} Because Mr. Dyson's sentence is voidable, "the doctrine of res judicata bars [him] from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *See Henderson* at ¶ 19. Mr. Dyson could have, and did not, raise his claims regarding his sentence in the trial court and did not challenge his sentence on direct appeal. We, therefore, conclude that the trial court did not err in denying Mr. Dyson's motion to vacate his sentence as his motion is barred by the doctrine of res judicata. *See Perry* at paragraph nine of the syllabus.

III.

{¶11} Mr. Dyson's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

CHARLES L. DYSON, pro se, Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and JONATHAN HAMERS, Assistant Prosecuting Attorney, for Appellee.