DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Larry R. Hensley, appeals from the judgment of the Lorain County Court of Common Pleas which denied Defendant's motion for summary judgment and dismissed as untimely his petition for post-conviction relief. We affirm.
 {¶ 2} On December 5, 2000, Defendant plead no contest to two counts of engaging in a pattern of corrupt activity under R.C. 2923.32, a second degree felony, and two counts of possession of criminal tools under R.C.2923.24, a fifth degree felony. This court affirmed the judgment of the Lorain County Court of Common Pleas on September 21, 2001, and the Ohio Supreme Court denied leave to appeal on March 8, 2002. The same attorney represented Defendant throughout the trial and appellate proceedings.
 {¶ 3} On October 24, 2002, Defendant filed a petition for post-conviction relief pursuant to R.C. 2953.21 claiming ineffective assistance of counsel. Defendant requested an evidentiary hearing, and also filed a pro se motion for summary judgment under R.C. 2953.21(D) and Civ.R. 56. Defendant raises one assignment of error.
Assignment of Error
"The trial court abused its discretion and committed prejudicial error by not adjudicating the claims, or holding an evidentiary hearing, or even considering plain error pursuant to [Crim.R.] 52(B), when dismissing [Defendant's] post[-]conviction relief petition as being untimely, when said petition raised claims of ineffective assistance, trial and appellant [sic] counsel, and counsel was the same attorney who represented [Defendant] at both stages, including but not limited to the Ohio Supreme Court discretionary appeal, without ever disclosing a conflict of interest, and when [Defendant] had submitted evidentiary documentation dehor the trial record containing sufficient operative facts to demonstrate ineffective assistance of counsel, when considering [Defendant] was erroneously advised to enter a no contest plea while under the influence of prescription drugs and mentally unstable, thereby, depriving [Defendant] of procedural due process and rights secured by Article I Section[s] 10 and 16 of the Ohio Constitution, and the Sixth and Fourteenth Amendment[s] to the United States Federal Constitution."
 {¶ 4} In his only assignment of error, Defendant argues that the trial court erroneously denied his motion for summary judgment and dismissed his petition for post-conviction relief as untimely. Specifically, Defendant alleges that the trial court should have found a viable avenue to consider his ineffective assistance of counsel claim on the merits. Defendant argues that the equities favor consideration on the merits of his case regardless of the time when he filed his petition for post-conviction relief. We find Defendant's assignment of error to be without merit.
 {¶ 5} R.C. 2953.21 and R.C. 2953.23 govern petitions for post-conviction relief. A petition for post-conviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" R.C. 2953.21(A)(2). The court lacks jurisdiction to hear an untimely petition for post-conviction relief unless the defendant shows that the elements of R.C. 2953.23(A) are met.State v. Nixon, 9th Dist. No. 02CA008148, 2003-Ohio-1476, at ¶ 10;State v. McGee, 9th Dist. No. 01CA007952, 2002-Ohio-4249, at ¶ 9. Under that statute, the defendant must first show that either (1) he was "unavoidably prevented from discovery of the facts" upon which his petition relies, or (2) that the United States Supreme Court recognized a new applicable, retroactive federal or state right. R.C. 2953.23(A)(1). The defendant must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted[.]" R.C.2953.23(A)(2).
 {¶ 6} In this case, the transcript in Defendant's direct appeal was filed March 13, 2001. Defendant did not file his petition for post-conviction relief until October 24, 2002. There is no question that Defendant failed to file his petition for post-conviction relief within the one hundred eighty day time limit mandated under R.C. 2953.21(A)(2).
 {¶ 7} Therefore, for the court to have jurisdiction to consider his petition, he must make a showing of the elements under R.C. 2953.23. Defendant in this case has made no effort at all to make this necessary showing. Therefore, the trial court lacked jurisdiction under R.C.2953.23(A) to hear Defendant's petition for post-conviction relief and properly dismissed his petition as being untimely filed.
 {¶ 8} We find Defendant's sole assignment of error to be without merit. We affirm the judgment of the Lorain County Court of Common Pleas dismissing Defendant's petition for post-conviction relief as untimely.
Judgment affirmed.
Whitmore, J. and Carr, J. concur.