DECISION AND JOURNAL ENTRY
{¶ 1} In 2006, Defendant-Appellant Samuels ("Samuels") pled guilty to multiple felonies and was sentenced to seven years in prison. Samuels now appeals, challenging the denial of his motion for postconviction relief by the Summit County Court of Common Pleas. We affirm.
 FACTS {¶ 2} On May 23, 2006, Samuels pled guilty to aggravated robbery with a firearm specification, grand theft, and failure to comply with an order or signal of a police officer. A sentencing hearing was held June 22, 2006, which was journalized on June 27, 2006. Samuels did not file a direct appeal. On June 24, 2008, Samuels filed a motion for postconviction relief which was denied without hearing on July 9, 2008. Samuels now appeals the denial of his motion for postconviction relief raising one assignment of error. Samuels argues that the denial *Page 2 
of his motion for postconviction relief violates his constitutional rights where the indictment failed to include a mens rea element for the aggravated robbery charge.
 STANDARD OF REVIEW {¶ 3} An appellate court usually applies an abuse of discretion standard when reviewing a trial court's decision to grant or deny a motion for postconviction relief. State v. Barkley, 9th Dist. No. 22351,2005-Ohio-1268, at ¶ 6, citing State v. Glynn, 9th Dist. No. 02CA0090-M, 2003-Ohio-1799, at ¶ 4. However, "[b]ecause this assignment of error raises issues of law only, our review is de novo." State v.Hochstetler, 9th Dist. No. 03CA0025, 2004-Ohio-595, at ¶ 10. (Citation omitted.) "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." Rusov v. Ansley, 9th Dist. No. 23748, 2007-Ohio-7022, at ¶ 12. (Citations omitted.)
 POSTCONVICTION RELIEF {¶ 4} As Samuels is appealing a trial court's denial of his motion for postconviction relief, we must first examine whether he satisfied the procedural requirements contained in the Ohio Revised Code. Sections 2953.21 and 2953.23 of the Ohio Revised Code govern the jurisdictional timing requirements for filing for postconviction relief. R.C. 2953.21(A)(2) provides that:
 "Except as otherwise provided in section 2953.23
of the Revised Code, a petition [for postconviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." *Page 3 
Section 2953.23(A) of the Ohio Revised Code states that:
 "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 "(1) Both of the following apply:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 5} Here, Samuels did not file a direct appeal and so absent a situation cited in R.C. 2953.23(A), he was required to file for postconviction relief during the two hundred ten days following June 27, 2006. Samuels has clearly exceeded this time frame as his motion for postconviction relief was not filed until June 24, 2008.
 {¶ 6} Next we must examine whether Samuels' situation falls within R.C. 2953.23(A). We conclude that it does not. Samuels does not argue that R.C. 2953.23(A) is applicable to his case. He was not unavoidably prevented from discovering the alleged error in the indictment, and he does not cite to any new state or federal right enunciated by the United States Supreme Court that would retroactively apply to his case. SeeState v. Price, 9th Dist. No. 07CA0025, 2008-Ohio-1774, at ¶ 7, citingState v. Kolvek, 9th Dist. Nos. 22966, 22967, 2006-Ohio-3113, at ¶ 7. Thus, because Samuels' motion was untimely, the trial court lacked authority to consider *Page 4 
Samuels' motion. See Price at ¶ 8. As the trial court lacked authority to hear Samuels' petition, there was no error in denying his motion for postconviction relief. State v. Hensley, 9th Dist. No. 03CA008293,2003-Ohio-6457, at ¶ 7.
 {¶ 7} Samuels also argues that the recent Ohio Supreme Court case,State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, applies to his case. However, as set forth above, because the trial court lacked authority to hear Samuels' motion for postconviction relief, we need not address whether Colon is applicable to a motion for postconviction relief such as Samuels'.
 CONCLUSION {¶ 8} This Court overrules Samuels' assignment of error and affirms the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 5 
Costs taxed to Appellant.
CARR, J. DICKINSON, P. J. CONCUR *Page 1