[Cite as *Marrero v. Miller*, 2013-Ohio-363.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

TITO E. MARRERO,                    )
                                    )      CASE NO. 12 BE 37
        PETITIONER,                 )
                                    )
      - VS -                        )            OPINION
                                    )             AND
MICHELE MILLER, WARDEN,             )        JUDGMENT ENTRY
                                    )
        RESPONDENT.                 )

CHARACTER OF PROCEEDINGS:        Petition for Writ of Habeas Corpus

JUDGMENT:                        Petition Dismissed.

APPEARANCES:

For Petitioner:                  Tito E. Marrero, Pro-se
                                 Inmate #604839
                                 Belmont Correctional Institution
                                 68518 Bannock Rd., SR 331
                                 St. Clairsville, OH  43950

For Respondent:                  Mike DeWine
                                 Ohio Attorney General
                                 Maura O'Neill Jaite
                                 Senior Asst. Attorney General
                                 Ohio Attorney General's Office
                                 Criminal Justice Section
                                 150 East Gay Street, 16th Floor
                                 Columbus, OH  43215

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                 Dated:  January 29, 2013

PER CURIAM:

{¶1} Pro-Se Petitioner, Tito E. Marrero, is a prisoner at the Belmont Correctional Institution and has filed a petition for writ of habeas corpus. Marrero is currently in the custody of Respondent Michele Miller, warden of the prison.

{¶2} In 2010, under Lorain County Common Pleas Court Case No. 08CR075288, Marrero was convicted of one count of trafficking in cocaine, one count of possession of cocaine, and one count of possession of drug paraphernalia, following a no-contest plea. The trial court sentenced him to a total of three years in prison. On direct appeal, Marrero alleged that the trial court erred in denying his suppression motions and erred by ordering him to repay court appointed attorney fees without a finding that he was financially able to do so. The Ninth District upheld the trial court's denial of the suppression motions, but reversed the order for the attorney fees and remanded the case for a determination on that matter. *State v. Marrero*, 9th Dist. No. 10CA009867, 2011-Ohio-3745. The Ohio Supreme Court subsequently denied his motion for a delayed appeal. *State v. Marrero*, 957 N.E.2d 1167, 2011-Ohio-6124.

{¶3} Marrero filed this action on November 14, 2012, asserting violations of his due process and equal protection rights, as well as issues of judicial bias, prosecutorial misconduct, ineffective assistance of trial and appellate counsel, and suppression and search warrant claims. Marrero requests that this court remand his case to the trial court in order to address these violations.

{¶4} The warden filed a motion to dismiss on December 10, 2012, requesting that this court dismiss Marrero's petition because it does not meet the statutory filing requirements and because the petition does not state a cognizable claim for habeas corpus relief. Marrero filed a motion for leave to amend his petition on December 18, 2012. In his memorandum in support, he responded to the warden's arguments and he also attached several documents, which he claimed cured the procedural deficiencies of his original petition.

{¶5} R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived,

may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy." *In re Pianowski*, 7th Dist. No. 03 MA 16, 2003-Ohio-3881, ¶3, citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 635 N.E.2d 26 (1994). "Thus, if the defendant *has or had* an adequate remedy in the ordinary course of the law such as an appeal, delayed appeal, petition for post-conviction relief, motion for relief from a civil judgment, or motion to withdraw a guilty plea, then habeas is inappropriate." (Emphasis sic.) *Mosley v. Eberlin*, 7th No. 08 BE 7, 2008-Ohio-6593, ¶27.

{¶6} A very limited exception to this rule exists in cases where the sentencing court patently and unambiguously lacked jurisdiction over the petitioner. *Ross v. Saros*, 99 Ohio St.3d 412, 2003-Ohio-4128, 792 N.E.2d 1126, ¶12-14. "'In the absence of a *patent and unambiguous lack of jurisdiction*, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.' (Emphasis added.)" *Id.* at ¶14, quoting *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶8, quoting *State ex rel. Nalls v. Russo*, 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶18.

{¶7} Thus, if a petitioner is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed. *Tucker v. Collins*, 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992). The burden is on the petitioner to establish a right to release. *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963).

{¶8} The warden has filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim in this matter. The purpose of such a motion is to test the sufficiency of the complaint. *State el rel. Boggs v. Springfield Local School Dist. Bd. of Ed.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the

complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶10. If the petition does not meet the requirements of a properly filed petition for writ of habeas corpus, or fails to state a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State*, 7th Dist. No. 04 BE 51, 2005-Ohio-2383, ¶5.

{¶9} Initially, we must address whether Marrero's petition meets the statutory filing requirements. R.C. 2725.04(D) requires the petitioner to file all the pertinent commitment papers relating to the petition. The Ohio Supreme Court has held that:

> These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

*Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

{¶10} Here, Marrero only attached the first page of the July 8, 2010 judgment entry of conviction and sentence from Case No. 08CR075288, and this sole page does not include his sentence or the trial judge's signature. The fact that the warden filed the complete judgment entry with her motion to dismiss does not cure the deficiency in Marrero's petition. *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82, 880 N.E.2d 919, ¶4. Furthermore, while Marrero attached the complete judgment entry to his motion for leave to amend, we have held that "failure to include commitment papers with the initial petition for writ of habeas corpus cannot be cured by later submissions or amendments to the petition." *Thomas v. Eberlin*, 7th Dist. No. 08 BE 14, 2008-Ohio-4663, ¶8, citing *Boyd v. Money*, 82 Ohio St.3d 388, 696 N.E.2d 568 (1998). For this reason, Marrero's petition is dismissed.

{¶11} Costs taxed against Petitioner. Final order. Clerk to serve notice on the

parties as provided by the Ohio Rules of Civil Procedure.

DeGenaro, P.J.

Donofrio, J.

Waite, J.