[Cite as *State v. Daniel*, 2013-Ohio-3510.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

MICHAEL DANIEL

    Appellant

C.A. No.    26670

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 1998-07-1667 A

DECISION AND JOURNAL ENTRY

Dated: August 14, 2013

MOORE, Presiding Judge.

{¶1} Defendant, Michael Daniel, appeals from the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} In 1998, an indictment was filed against Mr. Daniel charging him with rape, gross sexual imposition, intimidation of a crime victim or witness, and obstructing justice. In 1999, a supplemental indictment was filed, which additionally charged Mr. Daniel with three counts each of rape and gross sexual imposition, one count of intimidation of a crime witness, and one count of obstructing justice. The supplemental indictment included in the record is not signed by the grand jury foreperson.

{¶3} Prior to trial, several charges were dismissed, leaving only the three counts of rape and the three counts of gross sexual imposition, as charged in the supplemental indictment. The case proceeded to jury trial, and the jury found Mr. Daniel guilty on all six counts. The trial

court sentenced him to life in prison. Mr. Daniel appealed from his conviction, and this Court affirmed. *State v. Daniel*, 9th Dist. Summit No. 19809, 2000 WL 1287929 (Sept.13, 2000).

{¶4} In 2012, Mr. Daniel filed a "motion to vacate void judgment of conviction," in which he argued that because the supplemental indictment was unsigned, it was defective, and his convictions were obtained in contravention of his rights under Article I, Section 10 of the Ohio Constitution and the Fifth Amendment to the United States Constitution. In a journal entry dated September 24, 2012, the trial court denied Mr. Daniel's motion. Mr. Daniel timely appealed from the journal entry, and he now presents one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

> MR. DANIEL'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS ARE BEING VIOLATED WHILE HE IS BEING ILLEGALLY IMPRISONED FOR AN INDICTMENT NOT LAWFULLY FOUND OR RETURNED BY A GRAND JURY.

{¶5} In his sole assignment of error, Mr. Daniel argues that his conviction is void because it was based upon charges brought against him in the supplemental indictment which was not signed by the grand jury foreperson in violation of his constitutional rights. We disagree.

{¶6} R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Therefore, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her

sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post[-]conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. Here, Mr. Daniel's motion requesting the trial court to vacate his sentence because of purported violations of his constitutional rights constituted a motion for post-conviction relief.

{¶7} We review a trial court's decision denying a petition for post-conviction relief under an abuse of discretion standard. *State v. Craig*, 9th Dist. Summit No. 24580, 2010-Ohio-1169, ¶ 14. An abuse of discretion connotes that a trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} R.C. 2953.21 establishes procedures for filing a petition for post-conviction relief. R.C. 2953.21(A)(2) provides, in part, that:

> [A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶9} An exception to the time limit exists if it can be shown both that (1) "the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right;" and (2) there is clear and convincing evidence that, but for the constitutional error at trial, no reasonable trier of fact would have found the petitioner guilty of the offense. R.C. 2953.23(A)(1)(a) and (b). A defendant's failure to either timely file a petition for post-conviction relief or to meet his burden under R.C. 2953.23(A)(1) deprives a trial

court of jurisdiction to entertain the petition. *State v. Kolvek*, 9th Dist. Summit Nos. 22966, 22967, 2006-Ohio-3113, ¶ 7.

{¶10} Here, over twelve years elapsed between Mr. Daniel filing the transcript in his direct appeal and his filing of the petition for post-conviction relief. Therefore, his motion was untimely. Mr. Daniel did not argue that the exceptions contained in R.C. 2953.23(A)(1) apply to this case. Accordingly, the trial court lacked authority to consider the merits of Mr. Daniel's petition, and there was no error in denying his motion for post-conviction relief. *State v. Hensley*, 9th Dist. Lorain No. 03CA008293, 2003-Ohio-6457, ¶ 7.

{¶11} Further, it is well settled that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37. Because Mr. Daniel's argument could have been raised in his direct appeal, it is now precluded by the doctrine of res judicata. *See State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶12} Lastly, Mr. Daniel asserts that the issue of an unsigned indictment is a jurisdictional matter, which he can raise at any time. However, "[a] grand jury foreman's failure to sign the indictment does not deprive the trial court of jurisdiction." *State v. Young*, 9th Dist. Summit No. 18354, 1997 WL 600631, *1 (Sept. 17, 1997), quoting *State ex rel. Justice v. McMackin*, 53 Ohio St.3d 72, 73 (1990), citing *Kroger v. Engle*, 53 Ohio St.2d 165 (1978).

{¶13} Accordingly, Mr. Daniel's assignment of error is overruled.

III.

{¶14} Mr. Daniel's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL DANIEL, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.