[Cite as *State v. Perry*, 2013-Ohio-4466.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 26766 |
|---|---|---|

Appellee

v.

MARQUEZ B. PERRY

Appellant

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 08 01 0067 (A)

DECISION AND JOURNAL ENTRY

Dated: October 9, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, Marquez Perry, appeals from the judgment of the Summit County Court of Common Pleas, denying his petition for post-conviction relief. This Court affirms.

I

{¶2} In 2008, Perry was sentenced to 66 years to life in prison for the aggravated murder of two individuals and various other crimes. Perry appealed, but this Court did not address the case on the merits due to an error in the imposition of Perry's post-release control. Instead, we vacated Perry's sentence as void by way of journal entry and remanded the matter for resentencing. *State v. Perry*, 9th Dist. Summit No. 24527 (Sept. 3, 2009). On remand, the trial court again sentenced Perry to 66 years to life in prison.

{¶3} Perry appealed for a second time, and this Court permitted the record to be supplemented with the transcripts from his prior appeal. Perry's appeal challenged the court's

alleged refusal to allow him to represent himself and the court's failure to instruct the jury on self-defense. Additionally, the appeal raised an ineffective assistance of counsel argument, based on trial counsel's failure to request a self-defense instruction. This Court rejected all of Perry's arguments and affirmed his convictions on May 11, 2011. *State v. Perry*, 9th Dist. Summit No. 25271, 2011-Ohio-2242.

{¶4} On November 7, 2012, Perry filed a petition for post-conviction relief ("PCR"). Perry acknowledged that his petition was untimely, but argued that he "was unavoidably prevented from discovering the underlying fact that the record on appeal was incomplete." Perry specifically argued that he did not discover until after his appeal was decided that the record was missing:

> A copy of the bill in (sic) particulars, a copy of [his] motion to waive counsel, a copy of [his] letter to the trial court asking to be allowed to represent himself. Also the following transcripts were also omitted from the record, Transcripts of proceedings for pretrial hearings held on 3-5-2008, 5-7-2008, 6-18-2008, and also a pretrial hearing held when the trial court addressed [his] motion to compel filed 08-01-2008, transcripts of proceedings held for the supplemental arraignment held 07-02-2008, transcripts of proceedings held for the mandatory status call held on 04-23-2008.

According to Perry, the missing items severely hampered this Court's review on direct appeal because they would have shown how adamant Perry was about wanting to represent himself at trial. Perry further argued that the "missing records left errors hidden and unclear," such as the fact that Perry's speedy trial rights were violated. Additionally, Perry argued that the State violated his rights by waiting until shortly before trial to charge him with additional offenses by way of supplemental indictment. On December 20, 2012, the trial court issued a one line judgment entry denying Perry's PCR petition.

{¶5} Perry now appeals from the court's denial of his petition and raises four assignments of error for our review. For ease of analysis, we consolidate his assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT COMMITTED ERROR WHEN IT DID NOT HOLD A HEARING ON AND OR CONSIDER THE APPELLANTS (sic) ARGUMENT THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING CERTAIN FACTS WHICH WOULD EXCUSE HIS UNTIMELY PETITION.

Assignment of Error Number Two

THE TRIAL COURT COMMITTED ERROR IN DENYING THE PETITION WITHOUT HOLDING A HEARING[.]

Assignment of Error Number Three

THE TRIAL COURT COMMITTED ERROR IN NOT FILING FINDINGS OF FACT AND CONCLUSIONS OF LAW BEFORE DISMISSING THE PETITION[.]

Assignment of Error Number Four

THE TRIAL COURT COMMITTED ERROR IN NOT APPOINTING COUNSEL TO ASSIST WITH THE PETITION[.]

{¶6} In his assignments of error, Perry argues that the trial court erred by not: holding a hearing on his PCR petition, granting the petition, filing findings of fact and conclusions of law when it denied the petition, and appointing him an attorney to assist with the petition. We disagree.

{¶7} Generally, this Court reviews a trial court's denial of a PCR petition for an abuse of discretion. *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 11. When a trial court denies a petition solely on the basis of an issue of law, however, this Court's review is de novo. *State v. Samuels*, 9th Dist. Summit No. 24370, 2009-Ohio-1217, ¶ 3.

Whether a defendant's PCR petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law. *Id.* at ¶ 3-7. Consequently, a de novo standard of review applies. *Id.* at ¶ 3.

{¶8} R.C. 2953.21 establishes procedures for filing a PCR petition. R.C. 2953.21(A)(2) provides, in relevant part, that a PCR petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." "An exception to the time limit exists if it can be shown both that (1) 'the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right;' and (2) there is clear and convincing evidence that, but for the constitutional error at trial, no reasonable trier of fact would have found the petitioner guilty of the offense." *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 9, quoting R.C. 2953.23(A)(1)(a) and (b). A trial court lacks jurisdiction to hear an untimely PCR petition that does not meet the requirements set forth in R.C. 2953.23(A). *Daniel* at ¶ 9.

{¶9} Perry concedes that his PCR petition was untimely. Accordingly, Perry's petition had to satisfy R.C. 2953.23(A) in order for the trial court to have jurisdiction to hear it. To the extent Perry's petition raised a speedy trial argument and an argument concerning the length of time the State waited to issue a supplemental indictment against Perry, Perry cannot demonstrate that he was unavoidably prevented from discovering facts in support of those arguments. *See State v. Mosley*, 9th Dist. Lorain No. 96CA006499, 1997 WL 177682, *1-2 (Apr. 9, 1997). Both arguments depend upon information that was contained in the record at the time of Perry's direct

appeal, not any new facts. Moreover, because Perry could have raised either argument on direct appeal, the arguments are barred by the doctrine of res judicata. *See State v. Romanda*, 9th Dist. Summit No. 26450, 2013-Ohio-1771, ¶ 11.

{¶10} To the extent Perry argued in his petition that he was unavoidably prevented from discovering that the record was missing certain information, the only claim that Perry avers the additional information would have supported was his claim that he wanted to represent himself at trial. This Court addressed the same argument on direct appeal, albeit without all of the information Perry now claims is missing from the record. *See Perry*, 2011-Ohio-2242, at ¶ 10-16. In this Court's opinion, we noted that Perry was only 19 at the time he was tried for two aggravated murders and that he lacked legal training; a fact upon which Perry now relies to argue that the court erred by not appointing him counsel to aid with his PCR petition. *Id.* at ¶ 13. Perry has not shown by clear and convincing evidence that, had he been permitted to represent himself at trial, "no reasonable factfinder would have found [him] guilty" of the two counts of aggravated murder and his other charges. R.C. 2953.23(A)(1)(b). Perry's PCR petition, therefore, did not satisfy the requirements of R.C. 2953.23, and the trial court did not err by denying the petition.

{¶11} Perry also argues that the court erred by not holding a hearing before it denied his petition, by not issuing findings of fact and conclusions of law when it denied his petition, and by not appointing him counsel to aid with his petition. This Court has recognized that it is not error for a trial court to deny a PCR petition without a hearing when the petition is untimely. *State v. Elkins*, 9th Dist. Summit No. 21380, 2003-Ohio-4522, ¶ 11. Further, we have recognized that "[i]f a [PCR] petition * * * is filed untimely, the trial court is not required to issue findings of fact and conclusions of law" in denying the petition. *State v. Porter*, 9th Dist.

Summit No. 26169, 2013-Ohio-1163, ¶ 9. Finally, we have recognized that "a post-conviction petitioner has no constitutional right to counsel." *State v. Smith*, 9th Dist. Summit No. 24382, 2009-Ohio-1497, ¶ 17, citing *State v. Crowder*, 60 Ohio St.3d 151, 152 (1991). Having reviewed the record in this case, this Court can discern no error in the trial court's denial of Perry's untimely PCR petition. Perry's first, second, third, and fourth assignments of error are overruled.

III

{¶12} Perry's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶13} Although I agree that Perry's petition for postconviction relief was untimely, I would affirm the trial court's judgment solely on the basis that it lacked jurisdiction to address his petition on the merits. *State v. McGee*, 9th Dist. Lorain No. 01CA007952, 2002-Ohio-4249, ¶ 11. Perry's remedy, if any, lies by way of App.R. 26(B), rather than by way of a petition for postconviction relief.

APPEARANCES:

MARQUEZ PERRY, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.