[Cite as *State v. Williams*, 2013-Ohio-4897.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26890 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JERMAINE L. WILLIAMS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 10 3105 (B) |

DECISION AND JOURNAL ENTRY

Dated: November 6, 2013

CARR, Judge.

{¶1}   Appellant, Jermaine Williams, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}   On October 22, 2009, Williams was indicted on one count of possession of cocaine, one count of trafficking in cocaine, and one count of possession of criminal tools. The first two counts in the indictment contained forfeiture specifications. Williams initially pleaded not guilty to the charges at arraignment. Subsequently, on June 7, 2010, Williams appeared for a change-of-plea hearing and pleaded guilty to the counts in the indictment. The trial court held a sentencing hearing on October 20, 2010, and sentenced Williams to a total prison term of eight years. The trial court issued its sentencing entry on October 22, 2010. Williams did not file an appeal or seek a delayed appeal from the sentencing entry.

{¶3} On March 18, 2013, Williams filed a pro se "motion to correct sentence." The State filed a memorandum in opposition on March 27, 2013. The trial court issued a journal entry denying the motion on April 2, 2013.

{¶4} Williams has appealed from the trial court's judgment entry denying his motion, and raises five assignments of error.

II.

## ASSIGNMENT OF ERROR I

TRIAL COURT ABUSED ITS [DISCRETION] BY ENTERING AN INCORRECT JOURNAL ENTRY.

## ASSIGNMENT OF ERROR II

TRIAL COURT ERRED IN NOT ADVISING OF [A] RIGHT TO APPEAL PURSUANT TO CRIM.R. 32(B).

## ASSIGNMENT OF ERROR III

TRIAL COURT ERRED [BY] FAILING TO DETERMINE THE NUMBER OF DAYS OF CONFINEMENT OWED BEFORE SENTENCE WAS IMPOSED.

## ASSIGNMENT OF ERROR IV

TRIAL COURT ERRED BY NOT CONSIDERING THE NECESSARY FACTORS SET FORTH IN R.C. 2929.11 AND 2929.12.

## ASSIGNMENT OF ERROR V

TRIAL COURT ERRED WHEN CONVICTING OF CHARGES THAT WERE TO BE MERGED AS ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. 2941.25.

{¶5} In his five assignments of error, Williams raises numerous arguments relating to his sentence, and contends that this case should be remanded for a new sentencing hearing.

{¶6} Williams raised several sentencing issues in his March 18, 2013 motion, including that the sentencing entry did not reflect what happened at the sentencing hearing, that he was never made aware of his right to appeal, and that the trial court failed to properly calculate jail

time credit. Williams also argued that the trial court had failed to consider the sentencing factors outlined in R.C. 2929.11 and R.C. 2929.12, and that he was improperly sentenced on allied offenses of similar import. In light of these issues, Williams asked to be resentenced.

{¶7} While Williams styled his March 18, 2013 motion as a "Motion to Correct Sentence," he did not merely ask the trial court to correct a clerical error. Instead, Williams advanced numerous substantive challenges relating to the legality of his sentence. The Supreme Court of Ohio has held that, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), at syllabus.

{¶8} R.C. 2953.21 establishes procedures for filing a petition for post-conviction relief. R.C. 2953.21(A)(2) provides, in part, that:

> [A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶9} R.C. 2953.23(A)(1) provides for an exception to the time limit if the petitioner can meet both of the following requirements:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the

claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶10} In this case, Williams filed a motion seeking vacation of his sentence on the basis that his constitutional rights were violated. Because the time to file a direct appeal had long since lapsed at the time Williams filed his motion on March 18, 2013, we construe the motion as a petition for post-conviction relief as defined in R.C. 2953.21. *Reynolds*, 79 Ohio St.3d at syllabus.

{¶11} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Here, Williams filed his petition more than two years after the time to file a timely appeal had expired, well outside the 180-day window set forth in R.C. 2953.21(A)(2). In his petition, Williams did not address how he was unavoidably prevented from discovering the facts upon which his petition was based, nor did he claim a new retroactive right that has been recognized by the United States Supreme Court. *See* R.C. 2953.23(A). Under these circumstances where the petition was not timely filed, and where the petitioner did not address the statute's timeliness requirement, the trial court did not have jurisdiction to consider the petition. *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 10; *State v. Perry*, 9th Dist. Summit No. 26766, 2013-Ohio-4466, ¶ 9.

{¶12} Williams' assignments of error are overruled.

III.

{¶13} Williams' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JERMAINE L. WILLIAMS, pro se, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.