[Cite as *State v. Nichols*, 2014-Ohio-102.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

BRESHAUN NICHOLS

    Appellant

C.A. No. 26923

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. CR 2008 08 2755 B

DECISION AND JOURNAL ENTRY

Dated: January 15, 2014

WHITMORE, Judge.

{¶1} Defendant-Appellant, Breshaun Nichols, appeals from the judgment of the Summit County Court of Common Pleas, denying his petition for post-conviction relief. This Court affirms.

I

{¶2} In 2009, Nichols was convicted of attempted murder, felonious assault, aggravated robbery, having weapons under disability, and three firearm specifications. The trial court sentenced Nichols to 29 years in prison, and Nichols appealed. This Court affirmed his convictions on appeal. *See State v. Nichols*, 9th Dist. Summit No. 24900, 2010-Ohio-5737.

{¶3} After this Court issued its decision, the trial court sua sponte ordered Nichols to appear for resentencing due to a defective post-release control notification. The trial court held a resentencing on the issue of post-release control and issued a new sentencing entry on August 15, 2011, to reflect the correction to Nichols' term of post-release control.

**{¶4}** On March 28, 2013, Nichols filed a pro se petition for post-conviction relief ("PCR"). The State then filed a motion to dismiss the petition as untimely. The trial court agreed that the petition was untimely and ultimately concluded that it lacked jurisdiction to consider it. Consequently, the court dismissed the petition.

**{¶5}** Nichols now appeals from the trial court's judgment and raises two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ORDER AN EVIDENTIARY HEARING INVOLVING A BREACH OF CONTRACT STANDARD TO THE PREJUDICE OF APPELLANT.

Assignment of Error Number Two

THE OFFICERS OF THE COURT ERRED BEFORE THE COURT ON PROVIDING A RECOGNIZED LEGAL STANDARD IN RECORDING PRETRIAL CONFERENCE MEMORANDUM ON PLEA OFFERS BY THE STATE INVOLVING PUNISHMENT DOCUMENTATION.

**{¶6}** In his assignments of error, Nichols argues that the trial court abused its discretion by denying his PCR petition, or, in the alternative, by not first holding a hearing on the petition. We disagree.

**{¶7}** Generally, this Court reviews a trial court's denial of a PCR petition for an abuse of discretion. *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 11. When a trial court denies a petition solely on the basis of an issue of law, however, this Court's review is de novo. *State v. Samuels*, 9th Dist. Summit No. 24370, 2009-Ohio-1217, ¶ 3. Whether a defendant's PCR petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law. *Id.* at ¶ 3-7. Consequently, a de novo standard of review applies. *Id.* at ¶ 3.

{¶8} R.C. 2953.21 establishes procedures for filing a PCR petition. R.C. 2953.21(A)(2) provides, in relevant part, that a PCR petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." "An exception to the time limit exists if it can be shown both that (1) 'the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right;' and (2) there is clear and convincing evidence that, but for the constitutional error at trial, no reasonable trier of fact would have found the petitioner guilty of the offense." *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 9, quoting R.C. 2953.23(A)(1)(a) and (b). A trial court lacks jurisdiction to hear an untimely PCR petition that does not meet the requirements set forth in R.C. 2953.23(A). *Daniel* at ¶ 9.

{¶9} Initially, we note that Nichols filed his PCR petition pro se and appears pro se on appeal. With respect to pro se litigants, this Court has repeatedly held that

> pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. With the foregoing in mind, we turn to Nichols' arguments.

{¶10} Nichols appears to argue that he was entitled to PCR because he received ineffective assistance of counsel. Nichols claims that his counsel "failed to fully explain that an

'Alford Plea' could be tendered" and advised him not to accept "a plea offer [that] was tendered at the critical stage of pre-trial." In his affidavit in support of his petition, Nichols elaborated that the State "plea offer was tendered for 13 years"; much less than the 29 years he actually received. His petition also claimed that he was "misled" by his counsel because he was not advised regarding "multiple counts reflecting possible allied offenses as to punishments." Nichols cited to the cases of *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012), in his petition for the proposition that criminal defendants are entitled to effective assistance of counsel at all critical stages of litigation. Nichols' appellate brief does not refer to either case.

{¶11} Nichols failed to demonstrate in his petition that he was "unavoidably prevented" from discovering the facts entitling him to relief. R.C. 2953.23(A)(1)(a). Nichols admitted in his petition that his counsel informed him of the State's plea offer. His argument was only that the advice he received from his counsel was poor because it led him to reject the offer. Nichols fails to explain why he could not have challenged his counsel's allegedly poor advice as soon as the trial court sentenced him. *See* App.R. 16(A)(7). At that point, Nichols would have had reason to know that he received a significantly longer sentence than the State had offered. He was not unavoidably prevented from discovering the foregoing information.

{¶12} Likewise, Nichols was not unavoidably prevented from timely challenging any advice his counsel gave him related to an Alford Plea. Nichols only argues that his counsel "failed to *fully* explain that an 'Alford Plea' could be tendered." (Emphasis added.) He has not claimed that his counsel altogether failed to discuss an Alford Plea with him. Accordingly, Nichols had reason to know of his counsel's advice regarding the possibility of an Alford Plea and could have included any challenge to the same in a timely PCR petition.

{¶13} Finally, Nichols has not shown that, subsequent to the timeframe in which he could have filed a timely PCR petition, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in [his] situation." R.C. 2953.23(A)(1)(a). The only two new United States Supreme Court cases Nichols cited in his petition were *Frye* and *Lafler*, and Nichols cited those cases strictly for the proposition that they "addressed the deficient performance of counsel at critical stages under *Strickland v. Washington*." Nichols did not explain how either case recognized a new right that retroactively applied to any of the claims he raised in his petition. Moreover, Nichols has not cited to either case on appeal in support of his argument. As this Court has repeatedly held, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶14} Because Nichols' PCR petition was untimely and failed to satisfy the requirements for an untimely petition, the trial court did not err by dismissing the petition. Moreover, the court was not required to hold a hearing before doing so. This Court has held that "it is not error for a trial court to deny a PCR petition without a hearing when the petition is untimely." *State v. Perry*, 9th Dist. Summit No. 26766, 2013-Ohio-4466, ¶ 11. Nichols' argument to the contrary lacks merit. His first and second assignments of error are overruled.

III

{¶15} Nichols' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

BRESHAUN NICHOLS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.