[Cite as *State v. Marrero*, 2014-Ohio-553.]

## IN THE COURT OF APPEALS

## NINTH APPELLATE DISTRICT

## LORAIN COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 12CA010282** |
| TITO MARRERO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lorain County Court of Common Pleas, Case No. 08 CR 075288.

Judgment: Affirmed.

*Dennis Will,* Prosecuting Attorney, Lorain County Prosecutor's Office, 225 Court Street, 3rd Floor, Elyria, OH 44035 (For Plaintiff-Appellee).

*Tito Marrero,* pro se, 604-839, P.O. Box 540, St. Clairsville, OH 43950 (Defendant-Appellant).

PER CURIAM.

{¶1} Appellant, Tito Marrero, pro se, appeals the judgment of the Lorain County Court of Common Pleas denying his petition for post-conviction relief. At issue is whether the trial court erred in finding Marrero's petition was time-barred. For the reasons that follow, we affirm.

{¶2} Police officers from the Lorain Police Department developed an interest in an individual named Jose Rodriguez after receiving a tip that he was involved in drug trafficking. Physical surveillance, monitored phone calls, and trash pulls at Rodriguez'

residence all confirmed that he was involved in the drug trade. After conducting surveillance for several months, the police executed a search warrant at the residence just after midnight on January 17, 2008. Marrero, Rodriguez' nephew, arrived at the residence shortly before the police entered. In searching the entire residence, the police opened Marrero's duffel bag and found cocaine inside. Upon opening the bag, the officer who examined its contents commented that the bag appeared to contain "almost a key," meaning one kilogram of cocaine. Marrero corrected the officer, stating "[n]o, it's only about 14," meaning fourteen grams of cocaine. Following this statement, Marrero was handcuffed.

{¶3} On February 28, 2008, a grand jury indicted Marrero on the following counts: (1) trafficking in cocaine, in violation of R.C. 2925.03(A)(1); (2) possession of cocaine, in violation of R.C. 2925.11(A); and (3) possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). Marrero pled not guilty.

{¶4} On August 8, 2008, Marrero filed a motion to suppress, challenging the search of his duffel bag. The trial court held a suppression hearing, following which the court denied the motion.

{¶5} Subsequently, the trial court allowed Marrero to act pro se, but ordered his former counsel to remain on the case in an advisory capacity. Marrero filed another motion to suppress the oral statement he made at the scene. The trial court agreed to consider the motion and held an additional suppression hearing. On October 15, 2009, the court denied the motion.

{¶6} Thereafter, Marrero withdrew his not guilty plea and pled no contest to all counts in the indictment. The trial court sentenced him to a total of three years in prison.

{¶7} Marrero filed a direct appeal, challenging the trial court's denial of his motion to suppress the cocaine found in his duffel bag, the court's denial of his motion to suppress his statement regarding the amount of cocaine in his duffel bag, and the court's order requiring him to repay court-appointed attorney fees. In *State v. Marrero*, 9th Dist. Lorain No. 10CA009867, 2011-Ohio-3745 ("*Marrero I*"), this court affirmed the trial court's rulings on Marrero's suppression motions, but reversed the court's order that Marrero repay court-appointed fees on the ground that the trial court did not make any findings on the record that Marrero was financially able to pay attorney fees. *Id*. at ¶21-22. This court remanded for a determination of Marrero's ability to pay his court-appointed attorney fees. The trial court re-sentenced Marrero. He did not appeal the re-sentencing.

{¶8} On October 28, 2011, Marrero filed an application to reopen his direct appeal in *Marrero I* in this court pursuant to App.R. 26(B). He argued his appellate counsel was ineffective in not arguing judicial bias and prosecutorial misconduct. This court denied Marrero's motion to reopen.

{¶9} Marrero filed an untimely notice of appeal of this court's decision in *Marrero I* and a motion for a delayed appeal in the Supreme Court of Ohio. The Supreme Court denied the motion and dismissed the appeal on November 30, 2011, at 130 Ohio St.3d 1474, 2011-Ohio-6124.

{¶10} On May 9, 2012, Marrero filed a motion in the trial court to withdraw his no contest plea. The trial court denied that motion. Marrero did not appeal the trial court's ruling.

{¶11} On November 14, 2012, Marrero filed a petition for a writ of habeas corpus in the Seventh District, asserting, inter alia, violations of his due process and equal

3

protection rights, judicial bias, prosecutorial misconduct, and ineffective assistance of his trial counsel. On January 29, 2013, the Seventh District dismissed that petition in *Marrero v. Miller*, 7th Dist. Belmont No. 12 BE 37, 2013-Ohio-363.

{¶12} Meanwhile, on August 10, 2012, Marrero filed a petition for post-conviction relief in the trial court, alleging, inter alia, a violation of his due process rights, judicial bias, prosecutorial misconduct, and ineffective assistance of his trial and appellate counsel. On August 27, 2012, the trial court denied Marrero's petition as untimely.

{¶13} Marrero appeals the trial court's denial of his petition for post-conviction relief, asserting four assignments of error. Because his assigned errors are disposed of on identical grounds, they are considered together. They allege:

{¶14} "[1.] Judge Miraldi lacked the proper personal jurisdiction to adjudicate the appellant's Rights. He (judge) was not an impartial adjudicator which is mandated by the 5th and 14th Amendments' Due Process Clauses rendering his judgments, decisions, and orders invalid and voidable. Structural error is prejudicial.

{¶15} "[2.] The Lorain County Prosecutor's Office should have been disqualified from prosecuting this case due to their involvement (Intimate) with the investigation, with the production of all search warrants and their affidavits, reviewed all the warrants for the sufficiency of probable cause, and ultimately, would assist the Lorain Police Officers in the execution of the premises search warrant where the appellant, Tito E. Marrero's, 4th Amendment Rights would be violated. Then, the County Prosecutor's Office would prosecute case with partialness [sic], bias, and misconduct, which led to witholding [sic] of discoverable exculpatory evidence, staging of fabricated, false, perjured testimonial evidence and never correcting it, and blatent [sic] discrimination. This is Structural Error and manifest injustice.

4

**{¶16}** "[3.] The appellant, Tito E. Marrero, experienced conflict of interest filled [sic] advocating during 'critical stages' of his criminal proceedings rendering his proceedings to [sic] a hollow formality which renders his 'no-contest' plea as if made involuntarily. Ineffective assistance of counsel is also a structural error. Kenny Lieux was ineffective during the 18 December, 2008, 4th Amendment Suppression of Evidence Hearing. And, Erin A. Downs traitorously filed an appellate brief without any substance and real time facts rendering my Direct Appeal, which is a Constitutionally protected Right, a mockery of justice.

**{¶17}** "[4.] Trial Transcripts were not transmitted in complete form, and Affidavit of Disqualification of Judge Miraldi did not remain on Docket Sheet as filed. This is an Equal Protections [sic] violation. The appellant, Tito E. Marrero, only recieved [sic] a partial review of his criminal proceedings, which is relevant to a Post Conviction Petition."

**{¶18}** "Generally, this Court reviews a trial court's denial of a [post-conviction relief] petition for an abuse of discretion." *State v. Perry*, 9th Dist. Summit No. 26766, 2013-Ohio-4466, ¶7. However, if the petition is denied on the basis of an issue of law, this Court's review is de novo. *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶9. "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *Id.*, citing *State v. Samuels*, 9th Dist. Summit No. 24370, 2009-Ohio-1217, ¶3-7. Because we determine whether Marrero's petition satisfied the procedural requirements in R.C. 2953.21 and R.C. 2953.23, the de novo standard of review is applicable here.

**{¶19}** "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or

5

her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus.  R.C. 2953.21(A)(1)(a) provides, in pertinent part:

**{¶20}** Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

**{¶21}** R.C. 2953.21(A)(2) provides, in pertinent part, that, "a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *."

**{¶22}** Further, R.C. 2953.23(A)(1)(a)-(b) provides that a trial court may not entertain an untimely petition for post-conviction relief unless the petitioner shows that: (1) he or she "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief * * *;" and (2) "[t]he petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found petitioner guilty."

**{¶23}** This court's docket in *Marrero I* shows the transcript of proceedings was filed on March 4, 2011.  Marrero therefore had until approximately September 5, 2011 to

6

file his petition for post-conviction relief. However, he did not file his petition until August 10, 2012. Thus, the trial court correctly found the filing date for the petition exceeded the 180-day limit. In fact, Marrero exceeded the limit by nearly one year. The court also found that Marrero failed to meet the statutory requirement that would allow his petition to exceed the 180-day time limit. The trial court thus denied Marrero's petition as untimely filed.

{¶24} We note that Marrero does not challenge the trial court's finding that his petition was untimely. Further, he does not argue he satisfied the requirements of R.C. 2953.23(A)(1), which would have permitted the filing of a delayed petition. He does not argue he was unavoidably prevented from discovering facts on which he needed to rely to present his claim for relief. In fact, none of his arguments has anything to do with the trial court's finding that his petition for post-conviction relief was untimely.

{¶25} Because Marrero's petition was untimely and did not comply with the requirements of R.C. 2953.23(A)(1), the trial court lacked authority to consider his petition for post-conviction relief. *See Samuels*, *supra*, at ¶6; *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶27. Accordingly, the court did not err in denying his petition.

{¶26} For the reasons stated in the opinion of this court, appellant's assignments of error are overruled. It is the judgment and order of this court that the judgment of the Lorain County Court of Common Pleas is affirmed.

{¶27} We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

7

{¶28} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

{¶29} Any and all pending motions are denied as moot.

{¶30} Costs to be taxed against appellant.


_____
PRESIDING JUDGE TIMOTHY P. CANNON
Eleventh Appellate District,
Sitting by Assignment.

JOSEPH J. VUKOVICH, J.,
Seventh Appellate District,
Sitting by Assignment,

CYNTHIA WESTCOTT RICE, J.,
Eleventh Appellate District,
Sitting by Assignment,

concur.