[Cite as *State v. Gaiter*, 2017-Ohio-7046.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28376 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAY C. GAITER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2008-04-1271 |

DECISION AND JOURNAL ENTRY

Dated: August 2, 2017

HENSAL, Presiding Judge.

{¶1} Ray Gaiter appeals from the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} The procedural history of this case is set forth in this Court's prior decision in *State v. Gaiter*, 9th Dist. Summit No. 24758, 2010-Ohio-2205. Relevantly, a jury found Mr. Gaiter guilty of multiple offenses, including criminal gang activity, in 2009. This Court affirmed his convictions on appeal. *Id.* at ¶ 78.

{¶3} In September 2015, Mr. Gaiter filed a pro se motion for leave to file a motion for a new trial. He argued that, subsequent to his convictions, news articles and court records revealed that Officer Schismenos, who testified relative to Mr. Gaiter's alleged involvement in gang activity, had engaged in corrupt activity dating back to 1996. He argued that information

regarding Officer Schismenos's corrupt activity was not available to him at the time of trial, which made it impossible to attack his credibility on that basis.

{¶4}  Although there is no order in the record before this Court indicating that the trial court granted Mr. Gaiter's motion for leave, Mr. Gaiter filed a pro se "Revised/Amended Motion for New Trial" in January 2016.[1]  In that motion, Mr. Gaiter again argued that Officer Schismenos's credibility would have been discredited had the jury been presented with evidence regarding his corrupt activity.  Subsequent to filing that pro se motion, Mr. Gaiter obtained counsel, who then filed a brief in support of Mr. Gaiter's motion for a new trial.

{¶5}  In his brief in support of his motion for a new trial, Mr. Gaiter argued that two photographs that had been suppressed in a prior criminal matter (hereinafter "*Gaiter I*") were improperly admitted during Officer Schismenos's testimony in the underlying matter (hereinafter "*Gaiter II*").  The photographs showed Mr. Gaiter wearing red (a supposed gang color) clothing and giving purported gang signs with his hands.  The trial court in *Gaiter I* suppressed the photographs on the basis that Officer Schismenos had seized them during an unlawful search and seizure.  Notwithstanding, the State introduced those photographs in *Gaiter II* during Officer Schismenos's testimony as evidence of Mr. Gaiter's gang involvement.  Mr. Gaiter asserted that Officer Schismenos was "less than truthful" during his testimony in *Gaiter II* because he claimed that he obtained the photographs in 1997 when, in fact, they were seized in 2003.  Mr. Gaiter further asserted that Officer Schismenos knew that the photographs had been suppressed in *Gaiter I* because he testified at the suppression hearing.

---

[1] Mr. Gaiter's "Revised/Amended Motion for New Trial" references an order dated December 7, 2015, wherein the trial court supposedly granted Mr. Gaiter's motion for leave. The December 7, 2015, order is not in the record before this Court, nor is it reflected on the trial court's docket.

**{¶6}** In response, the State argued that Officer Schismenos had little involvement with Mr. Gaiter's convictions, and that Officer Schismenos's testimony was cumulative of another officer's testimony at trial. The State also argued that Mr. Gaiter failed to explain how facts relating to the suppressed photographs were not known to him at the time of trial in *Gaiter II*.

**{¶7}** The trial court denied Mr. Gaiter's motion without holding a hearing. He now appeals, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FAILING TO GRANT AN EVIDENTIARY HEARING FOR A NEW TRIAL AS THE NEWLY DISCOVERED ILLEGALLY ADMITTED EVIDENCE IN THIS CASE CREATES A STRONG PROBABILITY OF A DIFFERENT RESULT AT TRIAL

**{¶8}** In his sole assignment of error, Mr. Gaiter argues that the trial court erred when it failed to hold a hearing on his motion for a new trial. "A trial court's decision as to whether to hold a hearing on a Crim.R. 33 motion for new trial based upon newly discovered evidence is discretionary." *State v. Roper*, 9th Dist. Summit No. 22494, 2005-Ohio-4796, ¶ 15. An abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Thus, Mr. Gaiter must show that the trial court's decision to not hold a hearing was unreasonable, arbitrary, or unconscionable. *Roper* at ¶ 15.

**{¶9}** We begin by noting that Appellate Rule 16(A)(7) provides that an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." This Court has consistently held that "failure to comply with the rules governing practice in the

appellate courts is a tactic which is ordinarily fatal." *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996).

{¶10} Here, Mr. Gaiter's merit brief contains no argument as to how the trial court abused its discretion by not holding a hearing on his motion, nor does it contain any explanation of what additional information or evidence, which was not already before the trial court, he would have presented at such a hearing. *See* App.R. 16(A)(7); *Roper* at ¶ 16 (rejecting the appellant's assertion that the trial court erred by not holding a hearing on his motion for a new trial, and stating that the appellant "does not even begin to explain how the court's refusal to hold a hearing in this case was unreasonable, arbitrary, or unconscionable, let alone demonstrate what other information or evidence he would have presented at such a hearing."). To the extent that an argument exists, it is not this Court's duty to root it out. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998), citing App.R. 12(A)(2) and 16(A)(7) ("If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out."). We, therefore, hold that Mr. Gaiter has not met his burden of establishing error on appeal and, accordingly, overrule his assignment of error.

### III.

{¶11} Mr. Gaiter's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
CONCURS.

CALLAHAN, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

WILLIAM T. WHITAKER and ANDREA L. WHITAKER, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.