[Cite as *State v. Gaiter*, 2020-Ohio-3436.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

RAY C. GAITER

    Appellant

C.A. No.    29612

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 08 04 1271

DECISION AND JOURNAL ENTRY

Dated: June 24, 2020

CARR, Judge.

{¶1}    Appellant, Ray C. Gaiter, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    In 2009, Gaiter was convicted of numerous felony offenses, including possession of cocaine with a major drug offender specification and criminal gang activity. Gaiter was sentenced to a 24-year term of incarceration. This Court affirmed Gaiter's convictions on appeal. *State v. Gaiter*, 9th Dist. Summit No. 24758, 2010-Ohio-2205.

{¶3}    In 2015, Gaiter filed a motion for leave to file a motion for new trial as well as a motion for new trial. The State filed a responsive brief arguing that Gaiter's motion for a new trial lacked merit. The trial court denied the motion. This Court upheld the trial court's judgment on appeal. *State v. Gaiter*, 9th Dist. Summit No. 28376, 2017-Ohio-7046.

{¶4}    On August 2, 2019, Gaiter filed a motion to vacate a void sentence.  In support of his motion, Gaiter argued that his due process rights were violated during the sentencing phase because the trial court did not account for a flaw in the verdict forms.  The State filed a brief in opposition to the motion and Gaiter replied thereto.  On November 13, 2019, the trial court issued a journal entry setting forth multiple grounds for denying the motion.  Most notably, the trial court concluded that Gaiter's motion constituted an untimely petition for post-conviction relief and that he had failed to satisfy the statutory requirements for filing an untimely petition.

{¶5}    On appeal, Gaiter raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO VACATE VOID SENTENCE.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO VACATE VOID SENTENCE WITHOUT HOLDING AN EVIDENT[IARY] HEARING.

{¶6}    In his first assignment of error, Gaiter argues that the trial court abused its discretion when it denied his motion to vacate his sentence.  In his second assignment of error, Gaiter asserts that the trial court should have held a hearing prior to ruling on the motion.  This Court disagrees with both contentions.

{¶7}    As Gaiter's motion raised a due process challenge, the trial court properly categorized the motion as a petition for post-conviction relief.  *See State v. Romanda*, 9th Dist. Summit No. 26450, 2013-Ohio-1771, ¶ 6; *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus ("Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking

vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post[-]conviction relief as defined by R.C. 2953.21.").

{¶8} Petitions for post-conviction relief that are untimely or successive are governed by R.C. 2953.23. A trial court is prohibited from entertaining an untimely petition for post-conviction relief unless the petitioner can demonstrate that (1) either the petitioner was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2),] * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right[;]" and (2) the petitioner demonstrates that but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty. R.C. 2953.23(A)(1)(a)-(b); *State v. Porter*, 9th Dist. Summit No. 26169, 2013-Ohio-1163, ¶ 8.

{¶9} Here, Gaiter filed his petition on August 2, 2019, more than ten years after he was convicted and well outside the window for filing a timely petition set forth in R.C. 2953.21(A)(2). In support of his motion, Gaiter did not address the requirements for filing an untimely petition set forth in R.C. 2953.23(A)(1). Accordingly, the trial court properly concluded that it lacked authority to consider the petition and denied Gaiter the requested relief.

{¶10} Gaiter's first and second assignments of error are overruled.

III.

{¶11} Gaiter's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

RAY C. GAITER, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.